■ Edward Dunay, Respondent-Appellant, v Ladenburg, Thalmann & Co., Inc., et al., Appellants-Respondents. — Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered May 9, 1984, which, *inter alia,* granted defendants' motion for a protective order concerning certain documents created after 1979, is unanimously reversed, to the extent appealed from, on the law, on the facts and in the exercise of discretion, the motion is denied and defendants are directed to produce those documents, with costs. Defendants' appeal from portions of this same order is dismissed, as withdrawn, without costs.

Plaintiff and defendants Ronald B. Koenig (Koenig) and Stephen S. Weisglass (Weisglass) in 1974 entered into a joint venture, named LTRA, which engaged in the stock brokerage business. LTRA was dissolved in April, 1979. Shortly thereafter plaintiff commenced the instant action. In his complaint, plaintiff alleges, *inter alia,* that the defendants, including Koenig and Weisglass, breached their fiduciary duty to him, by causing the dissolution of LTRA and appropriating for their own benefit LTRA's business, business relationships and business opportunities. Now, plaintiff seeks by a notice to produce (CPLR 3120), *inter alia,* documents created by the defendants after 1979.

Defendants moved for a protective order. Special Term granted it, as to those post-1979 documents.

We disagree. Our review of the record leads us to conclude that the documents in issue are relevant and material since a breach of a fiduciary duty is a continuing one and survives the dissolution of a joint venture (*Jones Co. v Burke,* 306 NY 172, 192). Further, if plaintiff is successful, he would be entitled to a share of the proceeds of the successor venture. Concur — Ross, J. P., Carro, Fein and Kassal, JJ.